1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    DEIDRA A. LINTZ,                          No.  2:14-cv-0224 JAM DAD PS

12                 Plaintiff,

13           v.                                 ORDER

14    PATRICK R. DONAHOE,

15                 Defendant.

16

17          Plaintiff Deidra Lintz is proceeding in this action pro se.  This matter was referred to the

18    undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).  Plaintiff has

19    requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

20          Pursuant to federal statute, a filing fee of $350.00 is required to commence a civil action

21    in federal district court.  28 U.S.C. § 1914(a).  In addition, a $50.00 general administrative fee for

22    civil cases must also be paid.  28 U.S.C. § 1914(b).  The court may authorize the commencement

23    of an action "without prepayment of fees . . . by a person who submits an affidavit" showing that

24    she is unable to pay such fees.  28 U.S.C. § 1915(a).

25          Here, plaintiff's in forma pauperis application reflects that, although plaintiff's net

26    monthly wages are exceeded by her monthly expenditures, plaintiff has $3,000 in cash or in a

27    checking or savings account.  (Dkt. No. 2 at 2.)

28    /////

1

1    In light of plaintiff's stated financial situation, the court finds that plaintiff has failed to

2   show that she is unable to pay the filing fees.  Thus, plaintiff has made an inadequate showing of

3   indigency.  See Olivares v. Marshall, 59 F.3d 109, 111 (9th Cir. 1995) ("Requiring the payment

4   of fees according to a plaintiff's ability to pay serves the dual aims of defraying some of the

5   judicial costs of litigation and screening out frivolous claims.").

6    Moreover, "'[a] district court may deny leave to proceed in forma pauperis at the outset if

7   it appears from the face of the proposed complaint that the action is frivolous or without merit.'"

8   Minetti v. Port of Seattle, 152 F.3d 1113, 1115 (9th Cir. 1998) (quoting Tripati v. First Nat. Bank

9   & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987)).  See also Smart v. Heinze, 347 F.2d 114, 116 (9th

10   Cir. 1965) ("It is the duty of the District Court to examine any application for leave to proceed in

11   forma pauperis to determine whether the proposed proceeding has merit and if it appears that the

12   proceeding is without merit, the court is bound to deny a motion seeking leave to proceed in

13   forma pauperis.").

14    The court must dismiss an in forma pauperis case at any time if the allegation of poverty is

15   found to be untrue or if it is determined that the action is frivolous or malicious, fails to state a

16   claim on which relief may be granted, or seeks monetary relief against an immune defendant.  See

17   28 U.S.C. § 1915(e)(2).  A complaint is legally frivolous when it lacks an arguable basis in law or

18   in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221,

19   1227-28 (9th Cir. 1984).  Under this standard, a court must dismiss a complaint as frivolous

20   where it is based on an indisputably meritless legal theory or where the factual contentions are

21   clearly baseless.  Neitzke, 490 U.S. at 327; 28 U.S.C. § 1915(e).

22    To state a claim on which relief may be granted, the plaintiff must allege "enough facts to

23   state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544,

24   570 (2007).  In considering whether a complaint states a cognizable claim, the court accepts as

25   true the material allegations in the complaint and construes the allegations in the light most

26   favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v.

27   Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245

28   (9th Cir. 1989).  Pro se pleadings are held to a less stringent standard than those drafted by

2

1    lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, the court need not accept as true

2    conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.  Western

3    Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

4           The minimum requirements for a civil complaint in federal court are as follows:

5                  A pleading which sets forth a claim for relief . . . shall contain (1) a
                   short and plain statement of the grounds upon which the court's
6                  jurisdiction depends . . . , (2) a short and plain statement of the
                   claim showing that the pleader is entitled to relief, and (3) a demand
7                  for judgment for the relief the pleader seeks.

8    FED. R. CIV. P. 8(a).

9           Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a

10   complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that

11   state the elements of each claim plainly and succinctly.  FED. R. CIV. P. 8(a)(2); Jones v.

12   Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  "A pleading that offers 'labels

13   and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.'  Nor

14   does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual

15   enhancements.'"  Ashcroft v. Iqbal, 556 U.S.662, 678 (2009) (quoting Twombly, 550 U.S. at 555,

16   557.  A plaintiff must allege with at least some degree of particularity overt acts which the

17   defendants engaged in that support the plaintiff's claims.  Jones, 733 F.2d at 649.

18          Moreover, jurisdiction is a threshold inquiry that must precede the adjudication of any

19   case before the district court.  Morongo Band of Mission Indians v. Cal. State Bd. of

20   Equalization, 858 F.2d 1376, 1380 (9th Cir. 1988).  Federal courts are courts of limited

21   jurisdiction and may adjudicate only those cases authorized by federal law.  Kokkonen v.

22   Guardian Life Ins. Co., 511 U.S. 375, 377 (1994); Willy v. Coastal Corp., 503 U.S. 131, 136-37

23   (1992).  "Federal courts are presumed to lack jurisdiction, 'unless the contrary appears

24   affirmatively from the record.'"  Casey v. Lewis, 4 F.3d 1516, 1519 (9th Cir. 1993) (quoting

25   Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 546 (1986)).

26          Lack of subject matter jurisdiction may be raised by the court at any time during the

27   proceedings.  Attorneys Trust v. Videotape Computer Prods., Inc., 93 F.3d 593, 594-95 (9th Cir.

28   1996).  A federal court "ha[s] an independent obligation to address sua sponte whether [it] has

1   subject-matter jurisdiction." Dittman v. California, 191 F.3d 1020, 1025 (9th Cir. 1999).  It is the

2   obligation of the district court "to be alert to jurisdictional requirements." Grupo Dataflux v.

3   Atlas Global Group, L.P., 541 U.S. 567, 593 (2004).  Without jurisdiction, the district court

4   cannot decide the merits of a case or order any relief.  See Morongo, 858 F.2d at 1380.

5        The burden of establishing jurisdiction rests upon plaintiff as the party asserting

6   jurisdiction.  Kokkonen, 511 U.S. at 377; see also Hagans v. Lavine, 415 U.S. 528, 543 (1974)

7   (acknowledging that a claim may be dismissed for lack of jurisdiction if it is "so insubstantial,

8   implausible, . . . or otherwise completely devoid of merit as not to involve a federal controversy

9   within the jurisdiction of the District Court"); Bell v. Hood, 327 U.S. 678, 682-83 (1946)

10  (recognizing that a claim is subject to dismissal for want of jurisdiction where it is "wholly

11  insubstantial and frivolous" and so patently without merit as to justify dismissal for lack of

12  jurisdiction ); Franklin v. Murphy, 745 F.2d 1221, 1227 n.6 (9th Cir. 1984) (holding that even

13  "[a] paid complaint that is 'obviously frivolous' does not confer federal subject matter jurisdiction

14  . . . and may be dismissed sua sponte before service of process.").

15       Here, plaintiff's allegations in their entirety are found on a single page of the complaint.

16  Those allegations do not reflect a short and plain statement of the grounds upon which the court's

17  jurisdiction depends, a short and plain statement of plaintiff's claim showing that the she is

18  entitled to relief, or even a demand for judgment for the relief she seeks.  Rather, in her complaint

19  plaintiff simply alleges that,

20              On or around May 17, 2011, [plaintiff] was made aware that Don
              Smearaldi, Manager of Public Affairs and Communications, Pacific
21            Area, United States Postal Service, requested [plaintiff's] Employee
              Medical File (EMF) to satisfy portion for claim of personal
22            property loss.  The claim of personal property loss was never paid.

23  (Compl. (Dkt. No. 1) at 1.)  Plaintiff asserts in her complaint that "Mr. Smearaldi failed to abide

24  by postal policy and regulations," and "was involved in the destruction of [her] personal property

25  . . . ." (Id.)

26  /////

27  /////

28  /////

1    Presented with only these vague and unclear allegations, the court cannot characterize the

2    nature of plaintiff's claim or determine if this is a matter over which it has jurisdiction.[1]

3    Accordingly, for the reasons explained above, plaintiff's complaint will be dismissed for

4    failure to state a claim.  The undersigned has carefully considered whether plaintiff may amend

5    the complaint to state a claim upon which relief can be granted.  "Valid reasons for denying leave

6    to amend include undue delay, bad faith, prejudice, and futility."  California Architectural Bldg.

7    Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988).  See also Klamath-Lake

8    Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that

9    while leave to amend shall be freely given, the court does not have to allow futile amendments).

10   However, when evaluating the failure to state a claim, the complaint of a pro se plaintiff may be

11   dismissed "only where 'it appears beyond doubt that the plaintiff can prove no set of facts in

12   support of his claim which would entitle him to relief.'"  Franklin v. Murphy, 745 F.2d 1221,

13   1228 (9th Cir. 1984) (quoting Haines v. Kerner, 404 U.S. 519, 521 (1972).  See also Weilburg v.

14   Shapiro, 488 F.3d 1202, 1205 (9th Cir. 2007) ("Dismissal of a pro se complaint without leave to

15   amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be

16   cured by amendment.") (quoting Schucker v. Rockwood, 846 F.2d 1202, 1203-04 (9th Cir.

17   1988)).

18   Here, the court cannot yet say that it appears beyond doubt that leave to amend would be

19   futile.  Plaintiff's complaint will therefore be dismissed, and she will be granted leave to file an

20   amended complaint.  Plaintiff is cautioned, however, that if she elects to file an amended

21   complaint "the tenet that a court must accept as true all of the allegations contained in a complaint

22   is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action,

23

24   [1] To the extent it may be applicable, plaintiff is advised that the Federal Tort Claims Act is the
     exclusive vehicle for filing a tort action against a federal agency. See 28 U.S.C. § 2679; Kennedy
25   v. U.S. Postal Service, 145 F.3d 1077, 1078 (9th Cir. 1998).  Pursuant to the Federal Tort Claims
     Act, "an 'action shall not be instituted upon a claim against the United States for money damages'
26   unless the claimant has first exhausted his administrative remedies." McNeil v. United States,
     508 U.S. 106, 107 (1993) (citing 28 U.S.C. § 2675(a)).  Upon an agency's denial of a claim, or
27   expiration of the six months within which the agency may act, 28 U.S.C. § 2675(a), the claimant
     has six months within which to file an action in federal court, 28 U.S.C. § 2401(b).
28

1   supported by mere conclusory statements, do not suffice." <u>Ashcroft</u>, 556 U.S. at 678. "While

2   legal conclusions can provide the complaint's framework, they must be supported by factual

3   allegations." <u>Id.</u> at 679.  Those facts must be sufficient to push the claims "across the line from

4   conceivable to plausible[.]" <u>Id.</u> at 680 (quoting <u>Twombly</u>, 550 U.S. at 557).

5         Plaintiff is also reminded that the court cannot refer to a prior pleading in order to make an

6   amended complaint complete.  Local Rule 220 requires that any amended complaint be complete

7   in itself without reference to prior pleadings.  The amended complaint will supersede the original

8   complaint.  <u>See</u> <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Thus, in an amended complaint,

9   just as if it were the initial complaint filed in the case, each defendant must be listed in the caption

10  and identified in the body of the complaint, and each claim and the involvement of each

11  defendant must be sufficiently alleged.  Any amended complaint which plaintiff may elect to file

12  must also include concise but complete factual allegations describing the conduct and events

13  which underlie plaintiff's claims.

14        Accordingly, IT IS HEREBY ORDERED that:

15        1.  Plaintiff's January 23, 2014, application to proceed in forma pauperis (Dkt. No.

16  2) is denied without prejudice.[2]

17        2.  The complaint filed January 23, 2014 (Dkt. No. 1) is dismissed with leave to

18  amend.

19        3.  Plaintiff is granted twenty-eight days from the date of this order to file an

20  amended complaint that cures the defects noted in this order and complies with the Federal Rules

21  of Civil Procedure and the Local Rules of Practice.[3]  Any amended complaint filed must bear the

22  case number assigned to this action and must be titled "Amended Complaint."

23  /////

24  _____

25  [2]  If plaintiff's financial situation has changed since the filing of her request, she may submit a
    new application to proceed in forma pauperis.  Alternatively, plaintiff may elect to pay the

26  required filing fee, although plaintiff should carefully consider the court's analysis of her original
    complaint as set forth above prior to paying that fee.

27

28  [3]  Alternatively, plaintiff may file a notice of voluntary dismissal of this action pursuant to Rule
    41 of the Federal Rules of Civil Procedure.

1          4.  Failure to comply with this order in a timely manner may result in a

2    recommendation that this action be dismissed.

3    Dated:  April 1, 2014

4

5    DAD:6
     Ddad1\orders.pro se\lintz0224.ifp.den.ord

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28