UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEIDRA A. LINTZ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>PATRICK R. DONAHOE,<br><br>　　　　　Defendant. | No.  2:14-cv-0224 JAM KJN PS (TEMP)<br><br><br>ORDER |

　　　　Plaintiff Deidra Lintz is proceeding in this action pro se.  This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

　　　　On October 5, 2015, the previously assigned Magistrate Judge issued an order transferring this action to the United States District Court for the Northern District of California.[1]  (Dkt. No. 20.)  This action was transferred to the United States District Court for the Northern District of California on October 6, 2015.  (Dkt. No. 21.)

　　　　On October 9, 2015, plaintiff filed a motion for reconsideration.  (Dkt. No. 22.)  On October 14, 2015, plaintiff filed a notice of withdrawal of her motion for reconsideration, (Dkt. No. 23), along with objections to the order transferring this action, (Dkt. No. 24), and a petition for writ of mandamus.  (Dkt. No. 25.)

---

[1] This action was reassigned to the undersigned on December 9, 2015.  (Dkt. No. 26.)

1

1    Plaintiff is advised that because this case has been transferred, this court lack jurisdiction over this action, even to review the order transferring the case. See Chrysler Credit Corp. v. Country Chrysler, Inc., 928 F.2d 1509, 1516-17 (10th Cir. 1991) ("Once the files in a case are transferred physically to the court in the transferee district, the transferor court loses all jurisdiction over the case, including the power to review the transfer."); Benjamin v. Bixby, No. 1:08-CV-1025 AWI DLB, 2009 WL 2588870, at *1 (E.D. Cal. Aug. 18, 2009) ("the Ninth Circuit has adopted the rule that a § 1404 transfer ends the jurisdiction of both the transferor court and the corresponding appellate court when the motion is granted and the papers are entered in the transferee court's records"); PPG Industries, Inc. v. Webster Auto Parts, Inc., 849 F. Supp. 8, 9 (D. Mass. 1994) ("the general rule has been that a district court ordering a transfer loses jurisdiction once the order has been executed by forwarding the record").

    Accordingly, plaintiff's petition for writ of mandamus will not be considered by this court. See Kurtz v. Intelius, Inc., No. 2:11-CV-1009 JAM JFM, 2011 WL 4048645, at *3 (E.D. Cal. Sept. 9, 2011) ("In light of this Court's ruling on Defendants' Motion to Transfer, all other pending motions will not be considered by this Court and may be considered in the Central District.").

    **IT IS SO ORDERED.**

Dated:  December 18, 2015

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

lintz0224.man.den.ord.docx