UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEIDRA A. LINTZ, | No. 2:14-cv-0224 JAM KJN PS (TEMP) |
| Plaintiff, | |
| v. | ANSWER |
| PATRICK R. DONAHOE, | |
| Defendant. | |

On March 9, 2016, the United States Court of Appeals for the Ninth Circuit issued an order in <u>Deidra Lintz v. United States District Court for the Eastern District of California, Sacramento</u>, Court of Appeals Docket #: 15-73947, finding that plaintiff's petition for a writ of mandamus raised issues that warranted an answer and providing the district court with 14 days to file an answer. (Dkt. No. 29.) Accordingly, the undersigned provides the following answer.[1]

Plaintiff Deidra Lintz is proceeding in this action pro se. This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). The operative pleading in this action, plaintiff's second amended complaint, alleges that plaintiff was hired by the U.S. Postal Service in 1987, was deemed permanently partially disabled in 1997 and 1998, and began working in a modified position in 1997, at the Embarcadero Postal Center in San

---

[1] The Clerk of the Court is directed to file this answer in the United States Court of Appeals for the Ninth Circuit, Court of Appeals Docket # 15-73947.

1

1  Francisco, California.  (Sec. Am. Compl. (Dkt. No. 8) at 2.)  Thereafter, defendant allegedly
2  discriminated against plaintiff by unlawfully destroying plaintiff's personal property sometime
3  between 2007 and 2011.  (Id.)
4        On September 24, 2015, plaintiff filed a status report in which she stated that venue was
5  proper in this district "because United States Postal Service engages in business in the Eastern
6  District, where Plaintiff resides."  (Dkt. No. 18 at 2.)  On October 2, 2015, defendant filed a status
7  report in which defendant disputed that venue was proper in this district, citing to 42 U.S.C. §
8  2000e-5(f)(3), because "the alleged unlawful employment practice is alleged to have been
9  committed at the Embarcadero Postal Center in San Francisco, California, which is in the
10  Northern District."  (Dkt. No. 19 at 2.)  Defendant also argued that there was no reason to believe
11  that plaintiff's employment records were maintained and administered in this district and that
12  plaintiff would not have worked in this District but for the alleged unlawful employment practice.
13  (Id.)
14        On October 6, 2015, the previously assigned Magistrate Judge issued an order finding
15  that, pursuant to 42 U.S.C. § 2000e-5(f)(3), this action should have been filed in the Northern
16  District of California and ordering that this action be transferred to the United States District
17  Court for the Northern District of California.  (Dkt. No. 20 at 2.)  This action was transferred
18  electronically to the United States District Court for the Northern District of California that same
19  day.  (Dkt. No. 21.)
20        On October 9, 2015 plaintiff filed a motion for reconsideration.  (Dkt. No. 22.)  On
21  October 14, 2015, plaintiff filed a notice of withdrawal of her motion for reconsideration, (Dkt.
22  No. 23), along with a request to strike defendant's notice of related cases, (Dkt. No. 24), and a
23  petition for writ of mandamus.[2]  (Dkt. No. 25.)  On December 9, 2015, this action was reassigned
24  to the undersigned.  (Dkt. No. 26.)  On December 21, 2015, the undersigned issued an order
25  advising plaintiff that because this case had been transferred to the United States District Court

---

[2] Therein, plaintiff argued that the defendant "waived personal jurisdiction," (Dkt. No. 25 at 2), and that plaintiff would "provide her rebuttal in more detail upon notice that Mandamus is granted."  (Id. at 4.)

1 for the Northern District of California, this court lacked jurisdiction over this action, even to
2 review the order transferring the case, and providing plaintiff with citations to several cases in
3 support.  (Dkt No. 27.)
4      Although plaintiff could have raised her arguments regarding venue in the United States
5 District Court for the Northern District of California, a review of the docket for that action reveals
6 that soon after the undersigned issued the December 21, 2015 order in this court, plaintiff filed a
7 notice of appeal in the United States District Court for the Northern District of California.  (See
8 Lintz v. Donahoe, No. 3:15-cv-04629-MEJ, (N.D. Cal.) Dkt. No. 31.)  In this regard, although
9 plaintiff had an adequate opportunity before the district court to present an argument as to proper
10 venue pursuant to 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. § 1404(a), plaintiff did not avail
11 herself of that opportunity.

Dated:  March 14, 2016

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

BVD/lintz0224.answer.docx